UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

BRUCE ALLEN KLUG
and MARY LOU KLUG,

      Debtors.

Case Number: 21-10532-12

---

### **DECISION**

    Bruce and Mary Klug ("Klugs") filed a Chapter 12 petition and schedules in March 2021. In May they amended their summary of assets and liabilities as well as schedules A/B and C. This amendment detailed the claim of exemption in tools of the trade. The same day, the Klugs moved to avoid the lien of United Bancorporation in certain tools of the trade ("Avoidance Motion").[1] United Bancorporation ("United") objected to the Avoidance Motion.

    United holds a secured claim of $337,595.14.[2] The claim is secured by real estate and personal property.[3]

    The Klugs elected state exemptions. They assert a $27,500 exemption in tools of the trade under Wis. Stat. § 815.18(3)(b). They seek to avoid United's

---

[1] ECF No. 32.

[2] Claim No. 14-1.

[3] United values the collateral at $1,113,512.90. *See* Claim No. 14-1 at 2.  The Klugs' schedules assert total values of $135,582.55 for personal property and $724,400 for real property. So the Klugs' estimate of total value is $859,982.55. *See* ECF No. 31, Summary of Assets and Liabilities at 1.

lien on tools of the trade arguing it impairs their exemption under 11 U.S.C. § 522(f)(1)(B)(ii). The Klugs ask to avoid United's lien on the following collateral:

| | |
|---|---|
| Silage truck | $ 15,000 |
| Grain drill | $  2,500 |
| Manure pump | $  5,000 |
| 886 Tractor | $  3,000 |
| Chopper wagon | $  1,500 |
| Chisel plow | $     500 |
| **Total** | **$27,500** |

The parties agree the issue is legal and state that no evidentiary hearing is requested or required. It is undisputed (1) the security interest at issue is a nonpossessory, nonpurchase-money security interest; (2) all property at issue is implements, professional books, or tools of the trade of the Klugs; (3) none of the loan proceeds were used to purchase the property at issue; and (4) United is a vastly over-secured creditor.

### RELEVANT STATUTES & CODE PROVISIONS

**11 U.S.C. § 522(f)(1)**

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
>
> . . .
>
> **(B)** a *nonpossessory*, nonpurchase-money security interest in any—
>
> . . .
>
> **(ii)** implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor (emphasis added).

2

**11 U.S.C. § 522(f)(3)**

> In a case in which State law that is applicable to the debtor—
>
> > **(A)** permits a person to voluntarily waive a right to claim exemptions under subsection (d) . . . ; and
> >
> > **(B)** . . . *prohibits* avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property;
>
> the debtor may not avoid the fixing of a lien on an interest of the debtor . . . if the lien is a nonpossessory, nonpurchase-money security interest in implements . . . or tools of the trade of the debtor . . . to the extent the value of such implements . . . [and] tools of the trade . . . exceeds $6,825 (emphasis added).

**Wisconsin Constitution Art. 1 § 17**

> **Exemption of property of debtors**. SECTION 17. The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted.

**Wis. Stat. § 815.18(2)(h)**

> "Exempt" means free from any lien obtained by judicial proceedings and is not liable to seizure or sale on execution or on any provisional or final process issued from any court, or any proceedings in aid of court process.

**Wis. Stat. § 815.18(3)**

> EXEMPT PROPERTY. The debtor's interest in or right to receive the following property is exempt, except as specifically provided in this section and ss. 70.20(2), 71.91(5m) and (6), 74.55(2) and 102.28(5):
>
> > . . .
>
> > (b) *Business and farm property.*
> >
> > > 1. Equipment, inventory, farm products, and professional books used in the business of the debtor or the business of a dependent of the debtor, not to exceed $15,000 in aggregate value.

3

**Wis. Stat. § 815.18(12)**

> LIMITATIONS ON EXEMPTIONS. No property otherwise exempt may be claimed as exempt . . . against the claim or interest of a holder of a security interest . . . or any consensual . . . lien.

### DISCUSSION

The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334(a). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The issue before the Court relates to exemptions claimed by Debtors and whether a secured creditor's lien may be properly avoided, implicating 11 U.S.C. § 522. It falls within the parameters of "matters concerning the administration of the estate." 28 U.S.C. § 157(b)(2)(A).

Exemptions in bankruptcy are governed by section 522 of Title 11 of the United States Code ("Code"). Federal exemptions are found in section 522(d). States may choose to "opt-out" of the federal exemption scheme. 11 U.S.C. § 522(b)(2). Debtors in states that have opted-out may only use state exemptions. *See, e.g., Owen v. Owen*, 500 U.S. 305, 308 (1991); *Stinnett v. LaPlante (In re Stinnett)*, 465 F.3d 309, 313 (7th Cir. 2006).

The sole question presented is: Does Wisconsin law prohibit avoidance of a nonpossessory, nonpurchase-money security interest on tools of the trade as stated in 11 U.S.C. § 522(f)(3)(B), thus triggering the 11 U.S.C. § 522(f)(3) lien avoidance cap?

A Wisconsin debtor may choose either federal or state exemptions. *See Ginsberg & Martin on Bankruptcy* § 6.01[C], Substantive Exemption Rights

4

(listing states that have opted-out); *see also Collier on Bankr. P.* 522.10. The Klugs chose the state exemptions provided in Chapter 815 of the Wisconsin Statutes. They then amended the exemptions to list the tools of the trade claimed exempt.

The parties agree that if 11 U.S.C. § 522(f)(3) applies to the Klugs' exemption under Wis. Stat. § 815.18(3)(b), then the exemption is subject to a cap.[4] It is undisputed that both subpart A and B must be met for the cap on lien avoidance to be imposed. In other words, *if* both subparts A and B of § 522(f)(3) are met, under 11 U.S.C. § 522(f)(1)(B)(ii) the Klugs may only avoid $13,650 of United's security interest in tools of the trade. But if one or both subparts are not met, the Klugs may avoid the asserted $27,500 of United's security interest in tools of the trade.

So the analysis turns on whether both subparts of § 522(f)(3) are met. Section 522(f)(3) provides:

> In a case in which State law that is applicable to the debtor—
>
> **(A)** permits a person to voluntarily waive a right to claim exemptions under subsection (d) or prohibits a debtor from claiming exemptions under subsection (d); and
>
> **(B)** either permits the debtor to claim exemptions under State law without limitation in amount, except to the extent that the debtor has permitted the fixing of a consensual lien on any property *or prohibits avoidance of a consensual lien* on property otherwise eligible to be claimed as exempt property . . . .

---

[4] The limit on lien avoidance of tools of the trade is currently $6,825 per debtor. *See* 11 U.S.C. § 104.

5

> the debtor may not avoid . . . nonpossessory, nonpurchase-money security interest[s] in . . . tools of the trade . . . to the extent the value . . . exceeds [the stated statutory amount].

11 U.S.C. § 522(f)(3) (emphasis added).

United contends that both subparts are met and thus the Klugs' ability to avoid the lien is capped at $13,650. The Klugs contend that *neither* subpart is met and thus they may avoid the lien in the asserted exemption amount of $27,500.

### A. SUBPART A

Subpart A says that in a case in which state law that applies to the debtor "permits a person to voluntarily waive a right to claim exemptions under subsection (d) or prohibits a debtor from claiming exemptions under subsection (d)," the debtor may not avoid certain liens if that subpart *and* subpart B are met. 11 U.S.C. § 522(f)(3)(A).

Subpart A is satisfied if either (i) applicable state law "permits a person to voluntarily waive a right to claim exemptions under subsection (d)" or (ii) the state has opted out of using federal exemptions. Wisconsin is not an opt-out state. Thus, subpart A can be met only if Wisconsin law "permits a person to voluntarily waive a right to claim exemptions under subsection (d)."

The Klugs argue that subpart A is not met because there is no Wisconsin statute that *permits* a debtor to voluntarily waive the right to claim exemptions. The Klugs point to a Minnesota bankruptcy decision[5] as support and assert the

---

[5] *In re Zimmel*, 185 B.R. 786 (Bankr. D. Minn. 1995).

Wisconsin cases on the question[6] do not adequately analyze the issue and merely gloss over the text of the statute. In contrast, United argues that subpart A is met where the debtor has chosen to use state exemptions, as with the Klugs.[7]

The opinions cited by United conclude that the phrase "permits a person to voluntarily waive a right to claim exemptions under subsection (d)" simply means that if debtors use state exemptions, then the choice automatically constitutes a voluntary waiver. *See In re Ehlen*, 202 B.R. 742 (Bankr. W.D. Wis. 1996), *aff'd,* 207 B.R. 179 (W.D. Wis. 1997). In holding that subpart A is met where state exemptions are used, courts have noted the statute is unnecessarily convoluted. Even so, those courts ultimately find such reading to be the appropriate one. *See In re Duvall*, 218 B.R. 1008 (Bankr. W.D. Tex. 1998).

The Klugs cite one case in which, in dicta, this view was not taken. *See In re Zimmel*, 185 B.R. 786 (Bankr. D. Minn. 1995). They argue this Court should adopt the reasoning found in dicta in *Zimmel*. The argument is not convincing. A statute's lack of a specific provision permitting something does

---

[6] The Klugs challenge the reading of the statute by the *Parrish* court and the *Immel* court. *In re Parrish*, 186 B.R. 246 (Bankr. W.D. Wis. 1995); *In re Immel*, Case No. 17-22036, 2018 WL 3701679 (Bankr. E.D. Wis. Aug. 2, 2018). Further, the Klugs use the decision in *Ehlen* to support their position even though the district court found subpart A to be met where a debtor uses state exemptions—which is the opposite of what the Klugs are arguing. *See In re Ehlen*, 202 B.R. 742 (Bankr. W.D. Wis. 1996), *aff'd,* 207 B.R. 179 (W.D. Wis. 1997).

[7] *In re Ehlen*, 202 B.R. 742 (Bankr. W.D. Wis. 1996), *aff'd,* 207 B.R. 179 (W.D. Wis. 1997); *In re Parrish*, 186 B.R 246 (Bankr. W.D. Wis. 1995); and *In re Duvall*, 218 B.R. 1008 (Bankr. W.D. Tex. 1998).

not mean it is prohibited. The law being interpretated in *Zimmel* is the Minnesota statute on exemptions. More importantly, *Zimmel* does not rely on subpart A in reaching their holding. In *Zimmel*, state exemptions were used. Although *Zimmel* does note that "[u]nder a 'plain meaning' analysis of Subparagraph (A), neither of its two alternative requisites are satisfied by applicable Minnesota law," the court reasons:

> [The creditors] urge a different analysis. They argue that the phrase "permits a person to voluntarily waive a right to claim exemptions under subsection (d)" is intended to describe the situation in which a debtor selects the state exemptions of a state that has not opted out of the federal exemptions . . . . Thus, according to [the creditors], Subparagraph (A) applies whenever state law exemptions are applicable to a case . . . .
>
> Neither creditor attempts to explain why such a simple application might be expressed in such a convoluted way. Nonetheless, the analysis has some credibility, if only from the apparent lack of any other more reasonable explanation that would give meaning to the first alternative phrase of the subparagraph. *But, even assuming that the interpretation of Subparagraph (A) is the correct one and the subparagraph is satisfied, neither of the alternative requisites of Subparagraph (B) is satisfied by Minnesota law.*

185 B.R. at 791 (emphasis added). So, although the *Zimmel* court discusses subpart A, it does not ultimately reach a conclusion. The Klugs argue reading subpart A to apply in any instance in which state exemptions are used is incorrect. And they point to the district court decision in *Ehlen* noting:

> To read it literally would render the phrase meaningless, since there is little if any likelihood that any state could permit a debtor to waive his right to claim exemptions when § 522(e) makes waivers of exemptions unenforceable.

8

*Ehlen*, 207 B.R. at 182.[8] Not only is this the opposite argument the Klugs were trying to make, the quoted text is immediately preceded by the district court reasoning:

> The basic idea of these rather clumsy paragraphs is that if the applicable state law fits one or the other of the two alternative conditions in both paragraphs, the debtor's lien avoidance is capped at $5000 per debtor for tools of the trade. In analyzing the provision, the bankruptcy court found as to subpart (A) that the second alternative condition was not applicable because Wisconsin has not opted out of the federal exemptions. However, Judge Utschig concluded that the debtors met the first alternative of subpart (A), because this provision was meant to apply to "'cases in which the debtor has voluntarily chosen the State exemptions.'" *Ehlen*, 202 B.R. at 747 (*citing* 140 Cong. Rec. H10,764 (daily ed. Oct. 4, 1994), H.R. Rep. No. 835, 103d Cong., 2d Sess. 41, 42 (1994)). As Judge Utschig noted, this is the only logical way to interpret the phrase, "voluntarily waive a right to claim exemptions under subsection (d)."

*Ehlen*, 207 B.R. at 182. Put another way, unless the state law prohibits debtors from waiving their right to use *federal* exemptions (which is different from an outright waiver of exemptions), the requirement under subpart A is met. Although not outcome-determinative, the House Report on the Code amendments that added § 522(f)(3) stated:

> Section 310. Nonavoidability of security interests on tools and implements of trade, animals, and crops.
>
> This section adds a limited exception to the debtor's ability to avoid nonpossessory nonpurchase-money security interests in implements, professional books, or tools of trade of the debtor or a dependent of the debtor, or farm animals or crops of the debtor or a dependent of the debtor. *It applies only in cases in which the debtor has voluntarily chosen the State exemptions rather than the Federal*

---

[8] Stray comments reported in the Congressional Record are, however, poor indicators of a law's meaning. *See Conroy v. Aniskoff*, 507 U.S. 511, 520 n.2, 113 S. Ct. 1562, 123 L. Ed. 2d 229 (1993) (Scalia, J., concurring); *Heinz v. Cent. Laborers' Pension Fund*, 303 F.3d 802, 809–10 (7th Cir. 2002), *aff'd,* 541 U.S. 739, 124 S. Ct. 2230, 159 L. Ed. 2d 46 (2004).

> *bankruptcy exemptions or has been required to utilize State exemptions because a State has opted out of the Federal exemptions.* In such cases, *if the State allows unlimited exemption of property or prohibits avoidance of a consensual lien on property that could otherwise be claimed as exempt*, the debtor may not avoid a security interest on the types of property specified above under Bankruptcy Code section 522(f)(2) to the extent the value of the [sic] such property is in excess of $5,000. *This section has no applicability if the debtor chooses the Federal bankruptcy exemptions, which cannot be waived.* Like other exemption provisions, the new provision applies separately to each debtor in a joint case.

H.R. REP. 103-835, pt. 1, at 56-57 (1994) (emphasis added).

And at least one court has referred to granting a security interest as a "waiver" of their right to claim exemptions. *See In re Thompson*, 82 B.R. 985 (Bankr. W.D. Wis. 1988), *aff'd*, 867 F.2d 416 (7th Cir. 1989) ("The debtors in the case *sub judice* were required to provide the Bank a security interest in property that was exempt from execution under state law as a condition to receiving financing from the Bank . . . . In essence, the debtors were required to waive their right to claim the exemptions they were intended to have."). Under this reading, Wisconsin allows a debtor to voluntarily waive their exemptions because of Chapters 401 to 420 of the Wisconsin Statutes—Wisconsin's enactment of the UCC which provides for the granting and enforcement of security interests.

Although the decisions in *Parrish* and *Immel* merely gloss over the statutory text, there does not seem to be any real controversy or debate about the meaning of subpart A. Thus, subpart A, although not the picture of clarity, is met here since the Klugs are using state exemptions. Since subpart A is satisfied, the Court must determine whether subpart B is satisfied.

10

**B. SUBPART B**

Subpart B is met when the applicable state law:

> either permits the debtor to claim exemptions under State law without limitation in amount, except to the extent that the debtor has permitted the fixing of a consensual lien on any property or prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property.

11 U.S.C. § 522(f)(3)(B). The Klugs argue that because the Wisconsin Statute does not explicitly prohibit avoidance of consensual liens, subpart B is not met. United, on the other hand, argues express prohibition on lien avoidance is not required and Wisconsin law has the "natural effect" of preventing "debtors from using exemptions to *defeat* consensual liens (which is the ultimate outcome of lien *avoidance* rather than *exemption* of property)." ECF No. 60 at 6.

The parties appear to agree that of the two alternative provisions in subpart B, the first is not met by the Wisconsin Statute. Therefore, to satisfy subpart B, the Wisconsin Statute must "prohibit[ ] avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property." The Klugs argue the condition is only met when the applicable state law explicitly prohibits the avoidance of a consensual lien, like Texas law. *See* TEX. PROP. CODE. ANN. § 42.002(b) ("a lien fixed by other law, and the security interest or lien may not be avoided on the ground that the property is exempt under this chapter"). This is the interpretation found in *Ehlen*. *In re Ehlen*, 202 B.R. 742 (Bankr. W.D. Wis. 1996), *aff'd,* 207 B.R. 179 (W.D. Wis. 1997).

In *Ehlen,* the district court in affirming the bankruptcy court reasoned that "[t]he Wisconsin statute simply provides that property subject to a

11

consensual lien may not be claimed as exempt" and "[l]ien avoidance is distinguishable from an exemption claim." *Ehlen*, 207 B.R. at 184. In adopting this approach, the court relied on the Supreme Court's decision in *Owen* when the Court found that "[o]nly where the Code empowers the court to avoid liens or transfers can an interest originally not within the estate be passed to the estate, and subsequently (through the claim of an exemption) to the debtor." *Owen*, 500 U.S. at 309. Thus, under this approach "a lien avoidance claim comes first and an exemption claim comes second." *Ehlen*, 207 B.R. at 184.

United argues the interpretation in *Parrish* and *Immel* should be adopted by this Court. In *Parrish*, the court found Wisconsin law, through Wis. Stat. § 815.18(12), does "prohibit[ ] avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property." *In re Parrish*, 186 B.R. 246, 247 (Bankr. W.D. Wis. 1995). The court reached this conclusion despite the statute's "opacity and its confusing disjunctions." *Id.* at 248. Similarly, the court in *Immel* found Wisconsin law prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property. *In re Immel*, Case No. 17-22036, 2018 WL 3701679 (Bankr. E.D. Wis. Aug. 2, 2018). The *Immel* court reasoned that, although the Wisconsin statute does not explicitly prohibit lien avoidance, the statute—Wis. Stat. § 815.18(12)—should be viewed as having the effect of prohibiting such avoidance.

While agreeing the statute was "muddled and vague," the *Immel* court rejected the *Ehlen* court's reliance on legislative history because it found the statute to be unambiguous. Thus, it concluded the type of legislative history in

12

*Ehlen* was the type the Seventh Circuit and the United States Supreme Court have refused to consider. In reaching this conclusion, the *Immel* court, while not finding the statute ambiguous, resorted to the addition of a prohibition on avoidance based on its view of the context of the statute.

The issue turns on statutory interpretation. The Wisconsin exemption statute does *not* explicitly prohibit the avoidance of a consensual lien. But United argues that the effect of the statute is to do just that.

This Court must now determine whether Wisconsin law prohibits avoiding consensual liens. "When interpreting statutes, first and foremost, we give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent." *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006). In Wisconsin, "[t]he right of a debtor to hold his property free from the claims of creditors is not a common-law right but a right created by constitutions and statutes." *Northwest Bank & Trust Co. v. Minor*, 275 Wis. 516, 82 N.W.2d 323, 324 (Wis. 1957).

Chapter 815 of the Wisconsin Statutes provides the statutory scheme for executions. "The owner of a judgment may enforce the same in the manner provided by law." Wis. Stat. § 815.01. "A judgment which requires the payment of money or the delivery of property may be enforced in those respects by execution." Wis. Stat. § 815.02. "There are 3 kinds of executions: one against the property of the judgment debtor, another against the judgment debtor's person, and the 3rd for the delivery of property, or such delivery with damages

13

for withholding the same. They are the process of the court, and shall be as prescribed by s. 815.05." Wis. Stat. § 815.03. "Upon any judgment of a court of record perfected as specified in s. 806.06 or any judgment of any other court entered in the judgment and lien docket of a court of record, execution may issue at any time within 5 years after the rendition of the judgment." Wis. Stat. § 815.04(1)(a). This does not limit "execution" to statutory liens or judgment creditors. In fact, in Wisconsin the section on property exempt from execution provides the section "shall be construed to secure its full benefit to debtors and to advance the humane purpose of preserving to debtors and their dependents the means of obtaining a livelihood, the enjoyment of property necessary to sustain life and the opportunity to avoid becoming public charges." Wis. Stat. § 815.18(1). Within this section, "exempt" is defined as:

> free from any lien obtained by judicial proceedings and is not liable to seizure or sale on execution or on any provisional or final process issued from any court, or any proceedings in aid of court process.

Wis. Stat. § 815.18(2)(h).

Absent from the exclusions on exemptions are any reference to consensual liens or security agreements under Chapter 409. Within Wis. Stat. § 815.18, another exception exists and provides:

> No property otherwise exempt may be claimed as exempt in any proceeding brought by any person to recover the whole or part of the purchase price of the property or against the claim or interest of a holder of a security interest, land contract, condominium or

14

homeowners association assessment or maintenance lien or both, mortgage or any consensual or statutory lien.

Wis. Stat. § 815.18(12).[9]

The exemption statute deals with executions and claims of exemptions against actions to recover from property. It is not vague, muddled, or opaque. Whether the statute effectively prohibits lien avoidance then appears to turn on an issue of timing and the language of the statute. Under state law a debtor may exempt property, but without lien avoidance such exemption is only effective against unsecured creditors. *See In re Thompson*, 867 F.2d 416 (7th Cir. 1989). The two interpretations appear to stem from a difference in interpreting whether exemption or lien avoidance is the first step. As confirmed by the *Ehlen* court, "lien avoidance is distinguishable from an exemption claim." *Ehlen*, 207 B.R. at 184.

The statute in effect renders exemptions unenforceable against consensual liens in the context of an execution or enforcement of a judgment. So a secured creditor with a judgment of replevin—for possession of property—may enforce the judgment without regard to a claim of exemptions in the subject property. Lien avoidance, on the other hand, is an action under the Code. It arises when a bankruptcy has been filed. Avoidance is not prohibited *if* state law does not prohibit it. 11 U.S.C. § 522(f)(3).

In reaching its conclusion state law prohibited avoidance, the *Immel* court apparently concluded that, like the inference of whether applicable state

---

[9] Additional exclusions not relevant in this case can be found in other statutes such as Wis. Stat. § 425.106(1).

15

law "permits" debtors to waive their right to use federal exemptions, a similar inference should be made about avoidance of a nonpossessory, nonpurchase-money security interest. The *Immel* court found Wisconsin law prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt. *In re Immel*, 2018 WL 3701679. That court reasoned that although the Wisconsin statute does not prohibit lien avoidance, the effect of Wis. Stat. § 815.18(12) should be thought to prohibit such avoidance.

Although the court found the statute clear and unambiguous, it did so only by inserting a prohibition on avoidance in the statute. In other words, it added meaning and a provision not explicitly included in the statute. It is inconsistent to find the statute to be unambiguous and then to insert missing language. The divergent interpretations of the statute confirm uncertainty about the interrelationship between the Code and provisions of state law.

Other states have shown the ability to provide for a prohibition on avoidance. Texas, for example, says that "a lien fixed by other law, and the security interest or lien *may not be avoided on the ground that the property is exempt* under this chapter." TEX. PROP. CODE. ANN. § 42.002(b). If Wisconsin wanted to prohibit avoidance, it could say that in its statutes. It has not done so. Just as 11 U.S.C. § 522(c)(2) preserves certain liens against an exemption, the Wisconsin exemptions do the same, permitting those creditors to enforce the lien. But section 522(f) permits debtors to avoid the liens if an exemption is impaired. If the exemptions claimed are under state law, this right is only

16

circumscribed if either the state exemptions are unlimited or state law prohibits avoidance.

This interpretation of the plain language of the statutes is not created by reference to legislative history. It is, however, supported by the references in *Ehlen* that were rejected by the *Immel* court. In considering the intent of Congress in drafting the statute, the dissent in *Andrews v. Chevy Chase Bank* provides an important consideration on statutory construction:

> If the statute is unclear, the question becomes: Who should pay the price of Congress's sloppy drafting? . . . When a court cleans up Congress's mess, it only encourages poor drafting. And if the court gets it wrong—a hazard of judicial guesswork—then all suffer. Rather than forcing a statute to further a policy vision that may or may not be shared by Congress, it is better to acknowledge ambiguity and construe the statute in the way most supported by the statute's language and in a fashion that protects the innocent, not the guilty.

545 F.3d 570, 579 (7th Cir. 2008).

The competing interpretations of the statute among the courts[10] highlight its poor drafting. Most ignore the distinction between claiming an exemption and avoiding a lien. *Ehlen*, 207 B.R. at 184. If there were no such distinction, this phrase would be unnecessary in the Code. This distinction was recognized by the court in *In re Hall*, 752 F.2d 582, 586 (11th Cir. 1985). The *Hall* court concluded:

> This section operates to permit a debtor to avoid the fixing of a lien on property if that avoidance would allow the debtor to enjoy an exemption. *Brown v. Dellinger (In re Brown)*, 734 F.2d 119, 125 (2d

---

[10] The Opinion on Certification in *Immel* illustrates the disagreement about interpreting the statute when it states, "The decision in this case disagrees with both [*Parrish* and *Ehlen*] of these statutory constructions." *In re Immel*, Case No. 17-22036, 2018 WL 4043293, at *4.

17

Cir. 1984). Thus, the very purpose of the statute is to permit debtors to claim, as exempt, property completely or partially secured by an otherwise valid lien. To permit states to inhibit the operation of the lien-avoidance provision simply by defining all lien-encumbered property as "not exempt" would render the statute useless, a result inconsistent with the well-established principle of statutory construction requiring that all parts of an act be given effect, if at all possible. *Administrator, Federal Aviation Administration v. Robertson*, 422 U.S. 255, 261, 95 S. Ct. 2140, 2145, 45 L. Ed. 2d 164 (1975); *Weinberger v. Hynson, Westcott & Dunning*, 412 U.S. 609, 633, 93 S. Ct. 2469, 2485, 37 L. Ed. 2d 207 (1973); *see Payne v. Panama Canal Co.*, 607 F.2d 155, 164 (5th Cir. 1979).

Lien avoidance is generally specific to bankruptcy. The Code directs examination and application of state law in determining whether or not avoidance is permitted. In doing so it recognizes that state law may also address avoidance. The Code provision is clear when it says avoidance is not permitted *if* state law "prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property." There is no such prohibition in the Wisconsin Statutes. Section 522 was adopted to further the "fresh start" policy of the Code and to ensure that debtors have a measure of stability as they move forward. *In re Ehlen*, 202 B.R. at 744; *In re Berryhill*, 254 B.R. 242, 244 (Bankr. N.D. Ind. 2000). If the Wisconsin legislature had intended to prohibit avoidance, it could have done so. It did not do so. It is not the function of this Court to add a provision to the statute the legislature chose to leave out.

Simply put, this interpretation protects debtors and a fresh start while not creating any undue burden on the vastly over-secured creditor. It is

undisputed the large value of those assets could pay United in full and provide exempt assets to the Klugs in support of a fresh start.

## CONCLUSION

The Klugs have chosen to use state exemptions, meeting subpart A of § 522(f)(3). The lack of a prohibition on lien avoidance makes clear that subpart B is not met. For these reasons, the Debtors' motion to avoid the lien of United Bancorporation is granted. The Klugs may avoid United's lien to the full extent of the exemption available under Wis. Stat. § 815.18(3)(b).

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: September 16, 2021

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge